# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MICHAEL CHEROMIAH, individually and**
**DIANNE CHEROMIAH, individually and as**
**Personal Representative of the ESTATE OF**
**MICHAEL CHEROMIAH, deceased,**

      **Plaintiffs,**

vs.                           Civ. No. 97-1418 MV/RLP

**UNITED STATES OF AMERICA & ACOMA**
**CANONCITO LAGUNA HOSPITAL,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion of Defendant, United States, for an Order compelling Plaintiffs to produce the videotape played at the January 25, 1999, settlement conference, as well as all videotape outtakes. **(Docket No. 96).** The videotape at issue consists of statements made by Plaintiffs and other family members about the decedent. Plaintiffs object to producing the videotape claiming protection under the work product doctrine, the attorney client privilege and pursuant to Fed. R. Evid. 408.

Plaintiffs subsequently advised the Defendant and the Court that they may use the video tape as a trial exhibit, and have represented that a copy of the video tape has been provided to Defendant. The only matter remaining to be decided, therefore, is Defendant's Motion to compel Plaintiffs to produce videotape outtakes.

Attorney work product consists of documents or tangible things relevant to the subject matter involved in the pending matter, which were prepared in anticipation of litigation or for trial by or for

another party or that party's representative. Attorney work product materials may be discovered by an opposing party only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of its case, and is unable to obtain the substantial equivalent of the materials by any other means without undue hardship. Fed .R.Civ.P. 26(b)(3).

The videotape at issue was prepared in anticipation of litigation or for use at trial by Plaintiffs' attorney. Accordingly, Defendant, United States, has the burden of proving that it can not obtain the substantial equivalent of the "outtakes" by other means, without undue hardship. Defendant, United States, asserts it needs the outtakes in order to assess Plaintiffs' claims of damage, and that it has no substantial equivalent means of obtaining the information contained in the outtakes. Defendant does not describe what attempts, if any, it has made to procure a substantial equivalent.

Defendant has failed to make a showing sufficient to order the disclosure of the outtakes. The material sought by Defendant is not taped surveillance which is discoverable despite being attorney work product. Martino v. Baker, 179 F.R.D. 588 (D. Colo. 1998). Rather, it consists of the testimony of individuals about the decedent. The substantial equivalent of such testimony can be obtained through deposition or interview.

Because I find that the outtakes are protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3), I do not address the issues of attorney client privilege or privilege under 8 Fed. R. Evid. 408.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Production of the outtakes of the videotape shown at the January 25, 1999,) settlement conference **(Docket No. 96) is denied.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Richard L. Puglisi
　　　　　　　　　　　　　　　　　　RICHARD L. PUGLISI
　　　　　　　　　　　　　　　　　　United States Magistrate Judge