IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL CHEROMIAH, Individually,
and DIANE M. CHEROMIAH,
Individually, and as personal
representative of the estate of MICHAEL
CHEROMIAH, Deceased,

      Plaintiffs,                              No. CIV 97-1418
                                                                MV/RLP

   vs.

UNITED STATES OF AMERICA and
ACOMA CANONCITO LAGUNA
HOSPITAL,

      Defendants.

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Permit Filing of Motion to Dismiss New Claims Raised in Pre-Trial Order as Untimely and for Lack of Subject Matter Jurisdiction and for Order Setting Expedited Briefing Schedule, filed June 29, 1999 [**Doc. No. 138**] (the Motion to Dismiss New Claims, filed with the Motion to Permit Filing, has been docketed as **Doc. No. 141**). The Court having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## ANALYSIS

Defendant United States seeks leave of Court to file a motion to dismiss "new claims" raised in the Pre-Trial Order. Defendant complains of the following:

1.     In the Pre-Trial Order, under the caption "Plaintiffs' Legal Claims," Plaintiffs state "[t]he government and ACL Hospital were on notice that ACL Hospital was inappropriately staffed

with unqualified personnel, understaffed and providing substandard medical care to Indians on the reservation before and at the time of Michael D. Cheromiah's visit."

2.  In the Pre-Trial Order, under the caption "Plaintiffs' Summary," Plaintiffs state "[t]he United States government, by treaty, is responsible for supplying medical case on the Laguna, Acoma and other Indian reservations. The government has failed to live up to its promise to provide competent doctors and proper medical care for Native American citizens who live in Indian Country."

3.  According to Defendant, in "discussions" regarding the Pre-Trial Order, Plaintiffs stated that they have a claim for medical negligence against Dale Gaddis, a nurse at ACL Hospital. However, the only mention of Dale Gaddis in the Pre-Trial Order appears in Defendant's portions.

Defendant argues that the above comments or statements constitute "new claims" to which it should be entitled to respond with a motion to dismiss. Plaintiffs state that these are not new claims but merely recitations of facts and theories relevant to Plaintiffs' claims for medical malpractice and loss of consortium.

The Court finds that the two portions of the Pre-Trial Order complained of and the discussions prior to the completion of the Pre-Trial Order do not constitute "new claims" being raised by Plaintiffs. This case presents two claims and only two claims, one under the Federal Tort Claims Act for medical malpractice and one for loss of consortium. These are the only claims properly before the Court and the only claims which will be addressed by the Court at the bench trial in this case. Plaintiffs raise no objection to the contrary. Accordingly, because there are no new claims to respond to, Defendant will not be granted leave of Court to file a new motion to dismiss.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Permit Filing of Motion to Dismiss New Claims Raised in Pre-Trial Order as Untimely and for Lack of Subject Matter Jurisdiction and for Order Setting Expedited Briefing Schedule [**Doc. No. 138**] is hereby **DENIED** and that Defendant's Motion to Dismiss New Claims **[Doc. No. 141**] is hereby **DENIED AS UNTIMELY and MOOT**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
　　Randi McGinn

Attorneys for Defendants:
　　Ronald F. Ross
　　Madeline Henley