CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 JUL 30 PM 1:56
CLERK-SANTA FE

MICHAEL CHEROMIAH, Individually,
and DIANE M. CHEROMIAH,
Individually, and as personal
representative of the estate of MICHAEL
CHEROMIAH, Deceased,

    Plaintiffs,

vs.

No. CIV 97-1418 MV/RLP

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant United States of America's Motion in Limine to Exclude Proposed Expert Testimony Regarding Hedonic Damages, filed July 22, 1999 [Doc. No. 169]. The Court having considered the motion, response, and relevant law, and being otherwise fully informed, finds that the Motion is not well taken and will be **DENIED**.

Plaintiffs Michael Cheromiah (senior) and Diane Cheromiah here bring suit against the United States Government, seeking damages for the death of their adult son, Michael Cheromiah (junior). Plaintiffs assert their remaining claims for medical malpractice and loss of consortium under the Federal Tort Claims Act. As part of these claims, Plaintiffs seek to recover hedonic damages, meaning the decedent's loss of enjoyment of life.

The Court has ruled that Acoma Tribal law will apply to this case, but has yet to rule on the types of damages recoverable under this law. Because the parties do not seem to dispute that

Plaintiffs can recover hedonic damages,[1] the Court will assume for purposes of this Motion in Limine that this type of damages is recoverable in this action.

Plaintiffs retained William Patterson, III, an economist, to testify regarding hedonic damages. Mr. Patterson will not testify as to the value of Michael Cheromiah's life. Rather, he will provide a multiplier that takes into account Mr. Cheromiah's life expectancy, the growth rate per year, and the present value of whatever yearly figure the Court chooses (should the Court find that Plaintiffs have prevailed on liability). Mr. Patterson starts with a figure of $10,000 per year because he believes that this number provides a "good multiple." (Patterson Dep. at 37, Exhibit A to Defendant's Motion.) He then figures in the decedent's life expectancy and the growth rate and then discounts back to present value. (*Id.* at 37-39, 42.) The Court can then apply its own finding as to the value of Mr. Cheromiah's life to the figure provided by Mr. Patterson rather than having to figure out the present value and life expectancy calculations itself.

For example, if after hearing Plaintiffs' fact witnesses testify as to Mr. Cheromiah's enjoyment of life, the Court values Mr. Cheromiah's lost enjoyment at $5,000 per year, it can divide Mr. Patterson's figure in half. If, on the other hand, the Court values Mr. Cheromiah's lost enjoyment at $50,000 per year, it can multiply Mr. Patterson's figure by 5.

---

[1] Defendants argue in their Trial Brief on the Issue of Applying Acoma Law to this Case, filed July 27, 1999 **[Doc. No. 179]**, that New Mexico law applies to this case because Acoma law is not sufficiently "preexisting, articulated and accessible." New Mexico law provides for the recovery of hedonic damages. *Romero v. Byers*, 117 N.M. 422 (1994). Plaintiffs argue in their Trial Brief Outlining the Application of Acoma Law to the Facts of This Case, filed July 27, 1999 **[Doc. No. 180]**, that Acoma law provides for the recovery of hedonic damages, citing the opinion of Judge Stoof in *Louis v. United States*, No. Civ. 97-24 (Acoma Pueblo Court 1997).

Mr. Patterson does not put forth the $10,000 yearly figure as one reflecting Mr. Cheromiah's lost enjoyment of life. Rather, he will testify that for each $10,000 a year loss found by the fact-finder, the lost enjoyment of life is a certain amount. (Patterson Dep. at 20.)

Mr. Patterson's proposed testimony, then, is very different than the hedonic damages testimony that has not been accepted by courts including this one. *See, e.g., Smith v. Ingersoll-Rand Co.*, 94cv1083 MV/DJS, Memorandum Opinion and Order filed Nov. 17, 1997; *McGuire v. City of Santa Fe*, 954 F. Supp. 230, 231 (D. N.M. 1996); *Mercado v. Ahmed*, 974 F.2d 863 (7th Cir. 1992). In each of these cases, the expert intended to rely on studies and other government analyses to put a dollar figure on the value of the plaintiff's/decedent's enjoyment of life. *See Smith*, slip op. at 2 (expert would "offer the jury a valuation of [plaintiffs'] loss of enjoyment of life"); *McGuire*, 954 F. Supp. at 232 (one expert "arrived at a percentage value of Plaintiff's lost enjoyment of life," and the other expert "address[ed] what the monetary value of the lost enjoyment is worth."). In each of these cases, the courts rejected the testimony because they found that the studies quantifying the value of lost enjoyment of life were widely disparate and not generally accepted. *See, e.g., McGuire*, 954 F. Supp. at 232-33 (applying *Daubert* factors).

In the case at hand, Mr. Patterson does not base his testimony on any of these studies. He relies solely on statistics showing Mr. Cheromiah's life expectancy, the real growth rate and the discount rate. (Patterson Dep. at 20, 38-39, 42.) Defendant does not argue that these calculations run afoul of the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509

3

U.S. 579 (1993),[2] and the Court finds that they are scientifically valid, relevant and of assistance in determining a fact at issue in this case. While the Court would not allow testimony as to the value of a person's life for the reasons set forth in the *Smith v. Ingersoll-Rand* Opinion and Order, it will allow the testimony assisting in the calculation of present value, growth rate and life expectancy to be applied to whatever value the fact-finder determines is appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine to Exclude Proposed Expert Testimony Regarding Hedonic Damages, filed July 22, 1999 **[Doc. No. 169]**, is hereby **DENIED**.

*/s/*
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
Randi McGinn
Kimberly Richards

Attorneys for Defendant:
Marilyn Hutton
Madeline Henley

---

[2] Pursuant to the Supreme Court's decision in *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1174 (1999), decided after this Court's decision in *Smith v. Ingersoll-Rand*, this Court must perform the gatekeeping function of ensuring reliability and relevance set out in *Daubert* in evaluating the admissibility of Mr. Patterson's testimony.