CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 JUL 30 PM 1:56
[signature]
CLERK-SANTA FE

MICHAEL CHEROMIAH, Individually,
and DIANE M. CHEROMIAH,
Individually, and as personal
representative of the estate of MICHAEL
CHEROMIAH, Deceased,

      Plaintiffs,

vs.

UNITED STATES OF AMERICA,

      Defendant.

No. CIV 97-1418 MV/RLP

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant United States of America's Motion to Dismiss Count V of Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), filed July 29, 1999 [**Doc. No. 185**]. The Court having considered the motion, response, and relevant law, and being otherwise fully informed, finds that the Motion is not well taken and will be **DENIED**.

Plaintiffs Michael Cheromiah (senior) and Diane Cheromiah here bring suit against the United States Government, seeking damages for the death of their adult son, Michael Cheromiah (junior). Plaintiffs assert their remaining claims for medical malpractice and for loss of consortium under the Federal Tort Claims Act ("FTCA"). One of the prerequisites for filing suit against the United States pursuant to the FTCA is the submission of an administrative claim to the appropriate agency. 28 U.S.C. § 2675(a). Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA. *Id.* For this reason, the Court is

obliged to rule on Defendant's Motion, even though it was submitted long after the filing deadline had passed. *See, e.g., Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (court has obligation to consider whether it has subject matter jurisdiction even if first raised on appeal).

The applicable regulations provide that a claimant providing an agency with notice of an FTCA claim must furnish "'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . '" *GAF Corporation v. United States*, 818 F.2d 901, 920 (D.C. Cir. 1987) (quoting 28 C.F.R. section 14.2(a)). While the Tenth Circuit has yet to address the issue, many other courts have found that, pursuant to these statutory and regulatory requirements, loss of consortium must be expressly raised in an administrative claim. *Wozniak v. United States*, 701 F. Supp. 259, 262 (D. Mass. 1988) (citing cases).

The Plaintiffs' administrative claim lists their names as "Michael Cheromiah, Individually and Diane M. Cheromiah, Individually and as Personal Representative for the Estate of Michael D. Cheromiah." The claim is signed as "Attorney for Claimants." Nothing else on the form refers in any way to a loss of consortium claim. Plaintiffs do list a sum certain for the amount of their claim, but the amount does not refer to more than one claim.

Plaintiffs argue that they have provided appropriate notice to the Government because the only claim they would be asserting individually is loss of consortium. They correctly assert that many of the cases cited by Defendant, including the only cases decided by the Tenth Circuit, are cases in which the spouse did not sign the form and was not listed as a claimant, or did not submit a claim at all. *See, e.g., Pipkin v. United States Postal Service*, 951 F.2d 272, 273 (10th

Cir. 1991) (wife never asserted any administrative claim nor did husband assert such a claim in his grievance); *Davis v. United States*, 834 F. Supp 517, 518-19 (D. Mass. 1993) (husband was not named as a claimant and no mention was made of husband's claim of loss of consortium in wife's claim).

Moving away from cases in which there is no reference to a particular claimant, courts are split on whether a claim that does not identify the person claiming loss of consortium, name a sum certain for the loss of consortium claim and describe the claim itself can satisfy the notice requirements. *Compare Loper v. United States*, 904 F. Supp. 863 (N.D. Ind. 1995) (listing husband and wife as claimants and signatures by both provides sufficient notice for the Government to investigate wife's loss of consortium claim even though form did not include any description of claim and only included one sum certain); *Hardiman v. United States*, 752 F. Supp. 52 (D. N.H. 1989) (listing husband and wife as claimants, combined with nature of husband's injury, sufficient to notify Government that loss of consortium claim was being asserted), *with Wozniak v. United States*, 701 F. Supp. 259, 262-64 (D. Mass. 1988) (listing claimant as bringing claim individually and as administratrix of estate did not provide sufficient notice of loss of consortium claim where claimant was represented by counsel); *Rode v. United States*, 812 F. Supp. 45 (M. D. Penn. 1992) (wife's listing her marital status in claim form and notifying agency that her husband was co-owner of the damaged property was not sufficient to put agency on notice of husband's claim; court noted that other courts with less stringent reading of the jurisdictional requirements would come out differently). Other courts seem to take the middle ground, looking to whether the claim provides any mention, "explicit or implicit," of a survival claim, *Barrett v. United States*, 845 F. Supp. 774, 783 (D. Kan. 1994), or whether there

is any evidence that would give the Government "inquiry notice that both spouses were asserting claims," *Dondero v. United States*, 775 F. Supp. 144, 150 (D. Del. 1991).

The question for the Court is which line of cases to follow. In the absence of Tenth Circuit guidance on the issue, the Court finds those cases requiring inquiry notice to be more persuasive. "Congress enacted the administrative claims procedure to lessen the court caseload by functioning as a settlement tool, not as a procedural roadblock." *Hardiman*, 752 F. Supp. at 54; *see also Casey v. United States*, 635 F. Supp. 221, 226 n.6 (D. Mass. 1986). By filing the claim individually and by signing as "claimants," the Cheromiahs put the Government on notice that they were asserting a consortium claim. As the *Wozniak* court explained, "one can imagine no claim--other than a claim for loss of consortium--that [the claimants], as [individuals], could have arising from [their son's] death." 701 F. Supp. at 263. Accordingly, the Cheromiahs exhausted their administrative claim for loss of consortium, and this Court has subject matter jurisdiction to hear it.

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion to Dismiss Count V of Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), filed July 29, 1999 [**Doc. No. 185**], is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
Randi McGinn
Kimberly Richards

Attorneys for Defendant:
Marilyn Hutton
Madeline Henley